# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2011

No. 08-40840

Lyle W. Cayce
Clerk

In the Matter of:  MOOSE OIL & GAS CO; MOOSE OPERATING COMPANY INC,

Debtors

---

O. LEE TAWES, III

Appellant

v.

DORIS BARNES, Individually and as Independent Executrix of the Estate of Leon McNair Barnes, Deceased

Appellee

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before GARWOOD, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:

In this case appellant O. Lee Tawes III (Tawes) appeals a money judgment against him and in favor of appellee Doris Barnes (individually and as executrix of the estate of Leon McNair Barnes, deceased) (Barnes), for royalties owed Barnes under an oil and gas lease executed by Barnes as lessor on a tract of land owned by Barnes in Lavaca County, Texas (the Barnes lease).  Tawes was not

No. 08-40840

a party to the Barnes lease, but Barnes sought (and was awarded below) recovery against Tawes on the basis of a Working Interest Unit Agreement (WIUA) and joint operating agreement (JOA) that included the Barnes tract. Tawes was a party to the WIUA and the JOA, but Barnes was not.  The facts are more fully stated in our prior opinion herein certifying questions of Texas law to the Supreme Court of Texas, *In re Moose Oil & Gas Co.*, 613 F.3d 521 (5th Cir. 2010), and in the opinion of the Texas Supreme Court, answering the first certified question in the negative, and declining to answer the remaining two certified questions as the negative answer to the first rendered them irrelevant. *O. Lee Tawes III v. Doris Barnes, individually and as executrix of the estate of Leon McNair Barnes, deceased*, ___ S.W.3d ____, 2011 WL 1446097 (Tex. April 2011) (reh'g denied June 10, 2011).

The Texas Supreme Court held that Barnes was not a third party beneficiary of the WIUA or the JOA, and could not recover under either as she was not a party thereto, and that Tawes had no privity of contract or estate with Barnes such as to allow Barnes to recover from Tawes unpaid royalties under the Barnes lease.  These are the only theories or bases of recovery by Barnes against Tawes which any party has asserted in this appeal, and none other is apparent.

Accordingly, the judgment of the District Court, affirming the judgment of the Bankruptcy Court in favor of Barnes and against Tawes, is hereby reversed, and the cause is remanded to the District Court with directions to remand to the Bankruptcy Court, with directions to the Bankruptcy Court to render judgment that Barnes take nothing in her action against Tawes.

REVERSED and REMANDED with directions.